UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOGAN GLASS, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CA NO. 4:17-cv-1112 |
| | § | |
| EXPEDITED LOGISTICS AND | § | |
| FREIGHT SERVICES, LLC AND | § | |
| FREDERICK J. LALUMANDIER, | § | |
| INDIVIDUALLY, | § | |
| | | |
| DEFENDANTS | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Logan Glass sues Defendants Expedited Logistics and Freight Services, LLC and Frederick J. Lalumandier, Individually ("Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1  This is an action for failure to pay minimum wage and failure to pay overtime brought under the Fair Labor Standards Act ("FLSA"). This action is also brought for common law breach of contract and quasi contract under Texas law. Defendants provide logistics services domestically and internationally and their worldwide headquarters are located in Houston, Texas. Logan Glass worked for Defendants as a non-exempt, hourly dispatcher in Texas. Ms. Glass would normally work 40 hours per week while at the office; if she worked more than 40 hours while at the office, she was paid overtime for those hours. However, Ms. Glass was also required to be on call every week. Typically, Ms. Glass would be on call Monday, Tuesday, Friday, Saturday and Sunday one week, and the next week she would be on call Wednesday and Thursday. Because her on call

schedule was inconsistent, there were some weeks when Ms. Glass would be on call every single night. On average, Ms. Glass would spend eight to ten hours on each on call shift actively working. For every two weeks she was on call, Defendants paid Ms. Glass $150.00. Defendants did not pay Ms. Glass minimum wage for her on call work, nor did they pay her an overtime premium for any hours worked over forty per week.

1.2     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees, including Ms. Glass, for all hours worked.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Expedited Logistics and Freight Services, LLC because this entity conducts business in Texas and has entered into relationships with Logan Glass in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in this Judicial District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Logan Glass is an individual residing in Texas.

**B.     Defendants**

3.2     Defendant Expedited Logistics and Freight Services, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its

principal office in Houston, Texas.

3.3     Defendant Expedited Logistics and Freight Services, LLC was an employer of Logan Glass as defined by 29 U.S.C. §203(d).

3.4     Defendant Expedited Logistics and Freight Services, LLC can be served with process by serving its registered agent for service of process, Frederick J. Lalumandier at 4740 Consulate Plaza Drive, Houston Texas 77032.

3.5     Defendant Frederick J. Lalumandier is an individual who resides in Texas.

3.6     At all times relevant to this claim, Defendant Frederick J. Lalumandier acted directly or indirectly in the interest of Defendant Expedited Logistics and Freight Services, LLC in relation to Logan Glass's employment.

3.7     Defendant Frederick J. Lalumandier was substantially in control of the terms and conditions of Logan Glass's work.

3.8     Defendant Frederick J. Lalumandier was an employer of Logan Glass as defined by 29 U.S.C. §203(d).

3.9     Frederick J. Lalumandier may be served with process at 4740 Consulate Plaza Drive, Houston Texas 77032.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Expedited Logistics and Freight Services, LLC had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendant Expedited Logistics and Freight Services, LLC has been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods

for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendants employed "employees", including Logan Glass, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6   At all relevant times, Expedited Logistics and Freight Services, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7   At all relevant times, Logan Glass was individually engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendants.

4.8   At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.   FACTUAL ALLEGATIONS

5.1   Defendants provide logistics services-from domestic and international freight shipping and forwarding to hazardous material warehousing and distribution.

5.2   Defendants employed Logan Glass during the three-year period preceding the filing of this Complaint as a dispatcher.

5.3   Defendants consistently failed to pay Ms. Glass minimum wage and overtime pay while she was performing work for Defendants.

5.4   Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.5   Defendants maintained and exercised the power to hire, fire, and discipline Logan Glass during her employment with Defendants.

5.6   Logan Glass was required to comply with Defendants' policies and procedures in performing her work during her employment with Defendants.

5.7     As the president of Defendant Expedited Logistics and Freight Services, LLC, Frederick J. Lalumandier independently exercised control over the work performed by Logan Glass.

5.8     Frederick J. Lalumandier is responsible for running the day-to-day operations of Expedited Logistics and Freight Services, LLC.

5.9     Frederick J. Lalumandier, acting directly in the interest of Expedited Logistics and Freight Services, LLC, determined the wages to be paid to Logan Glass.

5.10    Frederick J. Lalumandier, acting directly in the interest of Expedited Logistics and Freight Services, LLC, determined the work to be performed by Logan Glass.

5.11    Frederick J. Lalumandier, acting directly in the interest of Expedited Logistics and Freight Services, LLC, determined Logan Glass's hours.

5.12    Frederick J. Lalumandier, acting directly in the interest of Expedited Logistics and Freight Services, LLC, determined Logan Glass's conditions of employment.

5.13    Frederick J. Lalumandier, acting directly in the interest of Expedited Logistics and Freight Services, LLC, maintained employment records on Logan Glass.

5.14    Frederick J. Lalumandier, acting directly in the interest of Expedited Logistics and Freight Services, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Logan Glass.

## VI.    CAUSES OF ACTION

### A.    Violation of the FLSA for Failure to Pay Minimum Wage

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Logan Glass minimum wage for all hours worked during her employment.

6.3     No excuse, legal justification or exemption excuses Defendants' failure to pay Logan Glass

minimum wage for all hours worked during her employment.

6.4    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Logan Glass.

6.5    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage compensation.  Logan Glass is entitled to liquidated damages for such conduct.

6.6    Logan Glass seeks all unpaid minimum wage compensation, and an additional amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### B.    Breach of Contract and Quasi Contract

6.7    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein

6.8    Alternatively, Logan Glass is entitled to recover damages for Defendants' failure to pay her for all hours worked under the Texas common law for breach of contract.

6.9     During the course of her employment, Logan Glass and Defendants entered into a valid and enforceable contract regarding payment of her wages in exchange for Logan Glass's services.

6.10   Pursuant to this contract, Defendants were obligated to pay Logan Glass the full amount of her agreed upon compensation every pay period.

6.11   Logan Glass has fully performed all of her contractual obligations.

6.12   Defendants breached this contract by failing to pay Logan Glass all compensation she was owed under the above referenced contract.

6.13    Defendants' breach caused injury to Logan Glass, which resulted in damages.

6.14    Logan Glass seeks unliquidated damages within the jurisdictional limits of this court.

6.15    By virtue of the filing of this Original Complaint, Logan Glass has made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002.

6.16    Logan Glass also seeks to recover damages against Defendants for the full amount of her unpaid wages under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

6.17    Alternatively, Defendants owe Logan Glass all unpaid compensation at Ms. Glass's full regular rate under *quantum meruit* for services Logan Glass provided directly to Defendants. Defendants accepted these services under such circumstances that Defendants were reasonably notified that Logan Glass expected to be paid by Defendants.

### C.    Violation of the FLSA for Failure to Pay Overtime

6.18    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.19    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Logan Glass overtime compensation for all hours worked over forty per week.

6.20    No excuse, legal justification or exemption excuses Defendants' failure to pay Logan Glass overtime compensation for such hours.

6.21    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Logan Glass.

6.22    Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

6.23    Logan Glass seeks all unpaid overtime compensation, and an additional amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Logan Glass respectfully prays that Defendants Expedited Logistics and Freight Services, LLC and Frederick J. Lalumandier, Individually, be cited to appear, and that, upon trial of this matter, Logan Glass recover the following against Defendants, jointly and severally:

  a.   Actual damages for the full amount of Logan Glass's unpaid minimum wage and overtime compensation under the FLSA;

  b.   Liquidated damages in an amount equal to Logan Glass's unpaid minimum wage and overtime compensation under the FLSA;

  c.   Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA and by Chapter 38 of the Texas Civil Practice and Remedies Code and by Texas Labor Code §62.201 and §62.205;

  d.   Unpaid wages for non-overtime hours at Logan Glass's regular rate of pay under her contracts (express or implied) or under any applicable statute;

  e.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

  f.   Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR LOGAN GLASS